Olive Lillian Greer POORE, Appellee-Complainant,

v.

Earl M. POORE, Appellant-Defendant.

Supreme Court of Tennessee.

May 7, 1973.

John A. Turnbull, Roberts & Turnbull, Livingston, for appellee-complainant.

John E. Appman, Jamestown, for appellant-defendant.

## OPINION

DYER, Chief Justice.

Appellant, Earl M. Poore, appeals from the action of the chancellor in dismissing his petition for a bill of review upon motion the petition stated no claim upon which relief could be granted.

On May 8, 1971, appellee was awarded a divorce from appellant and by the same decree a property settlement was made between the parties. On March 25, 1972, appellant filed the petition now before the Court as a bill of review, seeking a reversal of the divorce decree of May 8, 1971, on the following grounds:

The divorce decree was predicated upon a finding the parties had consummated a lawful common law marriage in the State of Indiana. In support of this common law marriage appellee had introduced in evidence an insurance policy dated June 13, 1966, appellee being the insured with the beneficiary listed as "Earl Poore—Relationship—Husband." A witness testified appellant signed this policy as beneficiary. Appellant, as a witness, denied signing this policy.

Appellant in his petition for bill of review alleges he now has new proof that appellant did not sign the insurance policy, which new proof will support a bill of review to reverse the divorce decree.

In Gibson's Suits in Chancery § 1302 (5th ed. 1955), as to this matter, it is stated:

> The new matter must not only be relevant and material, but must be such as, if known, would have produced a different determination.

■ On this issue of the consummation of a common law marriage the chancellor did consider this insurance policy but he also considered a great deal of other evidence. Then, even assuming appellant could now prove he did not sign the insurance policy, such would not support a bill of review to reverse the divorce decree. This evidence now offered on this issue is cumulative and would not compel a reversal of the divorce decree. Burson v. Dosser, 48 (Heisk) Tenn. 754 (1870).

■ Appellant next alleges an error of law on the ground the appellee's petition for divorce alleged a common law marriage in South Carolina, and the chancellor found the common law marriage was consummated in Indiana. The petition for divorce does allege the parties consummated a common law marriage in South Carolina on August 3, and 4, 1953, during the time they stayed at a mobile home in Aiken, South Carolina. The petition for divorce then alleges they returned to New Castle, Indiana where they lived as man and wife from August 5, 1953 until February 1, 1954. The chancellor found under these allegations and the proof the parties had consummated a common law marriage in Indiana but not in South Carolina. It is admitted both states recognize common law marriages. We find no error in this.

■ Appellant also alleges the bill of review should be sustained on the ground the counsel representing him in the divorce action gave him improper or incorrect advice. There was no appeal from the divorce decree. This fact would not support a bill of review.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Justice, concur.